UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              No. 07-20573

vs.                                      District Judge Avern Cohn

JOHANNA FERMIN,               Magistrate Judge R. Steven Whalen

       Defendant.
                                /

**ORDER GRANTING DETENTION HEARING**

**I.    BACKGROUND**

Johanna Fermin is Defendant no. 6 in a six-defendant indictment, charged with conspiracy to distribute controlled substances and conspiracy to launder monetary instruments.[1] On May 21, 2008, she appeared before a Magistrate Judge in the United States District Court for the Eastern District of New York. She waived her right to an identity hearing under Fed.R.Crim.P. 5(c)(3), and was ordered temporarily detained. The docket entries indicate that she again appeared in the Eastern District of New York on May 23, 2008 for a detention hearing. The Magistrate Judge did not enter a written detention order, but rather an Order of Commitment to Another District (form order AO-94). Although this Order commanded the United States Marshal to take custody of the Defendant and deliver her to the Eastern District of Michigan, it does specify that she was detained following a

---

[1] Ms. Fermin is not charged in any of the indictment's substantive counts.

hearing, nor does it set forth any reasons for detention.[2]

The Defendant appeared before me for arraignment on the indictment on July 9, 2008, and a plea of not guilty was entered. Because the government is opposed to bond, defense counsel requested a detention hearing. At that time, the government argued that the Defendant had been ordered detained in the district of arrest, and therefore, any appeal of that order would go to the assigned District Judge, not to the Magistrate Judge. However, the government did not have complete records from Eastern District of New York at that time, and counsel agreed to adjourn the matter to the following day. The Defendant appeared before me again on July 10, 2008. At that time, the government stated that the Magistrate Judge in New York conducted a detention hearing and orally ordered the Defendant detained. The proceedings were adjourned for another day in order to obtain the recording of the hearing in New York.

The recording shows that the Magistrate Judge in New York stated that he was "declining the application for bail," because (1) there was a statutory presumption of detention, and (2) the Defendant was unable to post collateral. The judge further stated that he would sign a commitment order to the Eastern District of Michigan, and order the Defendant removed in the custody of the Marshals.

---

[2] Form AO-94 contains a section designated "Current Bond Status," on which the issuing judicial officer can check boxes for "Government moved for detention and defendant detained after hearing in District of Arrest," or "Government moved for detention and defendant detained pending detention hearing in district of Offense." In this case, neither of those boxes is checked.

On July 11, 2008, the Defendant appeared before me again, and I entertained the further argument of counsel. I now hold that because no valid order of detention was issued by the Eastern District of New York, a Magistrate Judge in this district has jurisdiction to conduct a detention hearing.

## II.  DISCUSSION

The government relies on 18 U.S.C. §3145(b) in support if its argument that only the assigned District Judge may decide the Defendant's bond issue. That section provides:

> **(b) Review of a detention *order*.**– If a person is *ordered detained* by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." (Emphasis added).

Under this statute, if a Magistrate Judge in a non-charging district enters an order of detention, any review of that order must go to the assigned District Judge in the charging district. However, there must be a valid order. An order of detention subject to review under §3145(b) is an order issued pursuant to 18 U.S.C. §§3142(i)(1) and (2), which are written in mandatory terms:

> **(i) Contents of detention order.**– In a detention order issued under subsection (e) of this section, the judicial officer shall–
>
> > **(1)** include written findings of fact and a written statement of the reasons for the detention;
> > **(2)** direct that the person be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal....

An order of removal, such as the Eastern District of New York entered in this case,

cannot substitute for a detention order under §3142(i). This order contains no reasons for detention, and commits the Defendant to the custody of the U.S. Marshal, not the Attorney General. Even though the form order has a section to indicate that the Defendant was ordered detained after a detention hearing, that box is not checked. Further, the New York Magistrate Judge's oral statements on the record do not suffice. It is axiomatic that "the Court speaks only through its written orders." *Kostyu v. United States*, 742 F.Supp. 413, 416, n.2 (E.D. Mich. 1990)(Cohn, J.). *See also Abner v. County of Saginaw*, 2007 WO 4322167, *4 (E.D. Mich. 2007)(Lawson, J.) ("It is well settled that the Court speaks through its written orders and judgments, not its opinions and oral pronouncements").

The government has cited an unpublished Tenth Circuit case, *United States v. Goodman*, 145 Fed.Appx. 282 (10th Cir. 2005), for the proposition that a judge's oral recitation of reasons for detention satisfies the requirements of §3142(i)(1). To the extent that this is the holding of *Goodman*, I respectfully disagree. I am disinclined to impose a judicial gloss on the clear and unambiguous language of §3142(i)(1), which makes a written statement of the reasons for detention mandatory, not permissive. Furthermore, *Goodman* is distinguishable. In *Goodman*, the judge in fact entered a written order of detention that, while not setting forth written reasons, was otherwise in conformance with the statute. In addition, the judge provided "a *detailed* oral explanation, on the record, for his detention order." *Id.* at 284 (emphasis added). By contrast, the New York Magistrate Judge in this case entered no detention order, and his stated reasons for "denying the application for bail"–that there was a statutory presumption and that the Defendant could not post collateral–were

superficial to the extent that appellate review would be difficult, if not impossible.

Finally, the government posits that by granting the Defendant a detention hearing, I would be improperly reviewing the decision of the Magistrate Judge in New York. That is incorrect. There is no Eastern District of New York decision for me, or for the District Judge to review. Because no valid order of detention was issued under §3142(i), nothing in §3145 precludes me from holding a detention hearing.

Accordingly, the Defendant's request for a detention hearing before a Magistrate Judge is GRANTED. The detention hearing will be held on Monday, July 14, at 1:00 p.m. in the Criminal Duty Court.

SO ORDERED.

S/R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: July 11, 2008

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on July 11, 2008.

s/Gina Wilson
Judicial Assistant