UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

-vs-

                                      Case No. 07-20573
                                      HON AVERN COHN

D-6, JOHANNA FERMIN,

    Defendant.
_____/

**MEMORANDUM AND ORDER DENYING
MOTION FOR CORRECTION OF JUDGMENT**

I.

This is a criminal case. On July 21, 2009, the Court sentenced defendant to a 24 month custodial term on her plea of guilty to 21 U.S.C. §846, Conspiracy to Distribute Controlled Substances, and 18 U.S.C. §1856(h), Conspiracy to Launder Monetary Instruments. The sentence reflected a departure from a recommended guideline sentence of 51-63 months because of defendant's substantial cooperation.

Defendant will be deported at the conclusion of her custodial sentence. She has two (2) minor children who are United States citizens. As a consequence, the Court delayed defendant's reporting for five (5) months to enable her to make arrangements for her children, and to make arrangements to assure her prompt deportation at the conclusion of her sentence. In imposing sentence, the Court said:

> [Counsel] if you can arrange for deportation or voluntary
> removal from the United States within those five months so
> she goes back to the Dominican Republic within the five
> months, you can come back to the Court and see if you can

>get some sort of relief from the custodial sentence because after she finishes the custodial sentence she certainly will be deported, and Naturalization, whatever it's called, would likely pick her up and keep her in custody, and that doesn't make any sense.
>
>So she's got the chance in the next five months to make arrangements. I don't know whether her children will really go back to the Dominican Republic with her. That's something – she's got five months to work out leaving the United States under immigration law so she can't voluntarily return.

II.

Now before the Court is defendant's Motion for Correction of Judgment based on an "oversight and/or omission."[1] The motion asks the Court for "a correction of the Judgment to accurately reflect this Court's statement on the record that if Ms. Fermin is able to arrange for deportation or voluntary removal from the United States within 5 months following the date of the Judgment, that she may return and request relief from the custodial sentence imposed."

The motion papers do not state whether defendant has made arrangements for her immediate deportation, and if she intends that her children accompany her. The government opposes the motion. Apparently it is the government's position that if defendant can make arrangements for immediate deportation and intends that her children accompany her, or alternately can make arrangements for immediate deportation, leaving her children in the United States, defendant must nonetheless

---

[1] Defendants cites Fed. R. Civ. P. 60(a) in support. That rule, however, applies to civil cases and gives the Court authority to correct "clerical mistakes, oversights, and omissions" in civil cases. It is assumed that defendant moves under Fed. R. Crim. P. 36(a) which grants similar authority but has been interpreted to apply only to clerical errors.

serve her custodial sentence.  Either way, the government says there is no error in her sentence which requires correction.

Absent agreement from the government, the Judgment cannot be "corrected."

At this point, given the present circumstances, "some sort of relief from the custodial sentence," is academic.

The motion for correction of judgment is DENIED.

SO ORDERED.


       s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  October 23, 2009


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 23, 2009, by electronic and/or ordinary mail.

       s/ Julie Owens
Case Manager, (313) 234-5160